# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Axis Surplus Insurance Company, as subrogee of Hospitality Management Group, Inc., | Case No. 2:24-cv-2173-RMG |
| Plaintiff, | **ORDER AND OPINION** |
| v. | |
| Pye-Barker Fire & Safety, LLC, | |
| Defendant. | |

Before the Court is Defendant's Motion for Summary Judgment. (Dkt. No. 42). For the reasons stated below, the Court denies Defendant's motion.

**I.	Background**

This action arises out of a fire at Magnolias Restaurant in Charleston, South Carolina on August 7, 2021. Plaintiff, the insurance carrier for Hospitality Management Group, Inc., which owns the restaurant, reimbursed its insured over $3.9 million in losses from the fire and was subrogated to the rights of its insured against any at fault third parties. Plaintiff filed suit against Defendant, asserting claims of breach of contract and negligence related to Defendant's duties to inspect, test, and maintain the restaurant's fire suppression system, which Plaintiff alleges failed to properly operate.

The Magnolias Restaurant fire occurred in the early morning hours of August 7, 2021. There were no eyewitnesses. The parties agree that the fire began when a restaurant employee left a plastic dish rack on a two burner range in the prep kitchen, which subsequently melted from the heat of the two burner range's pilot light. Beyond those facts, the parties and their experts vigorously dispute a number of material facts, including (1) whether the Defendant improperly

1

placed a key part of the fire suppression system, fusible links, causing it to fail; (2) whether the fire suppression system would have put out the fire if it was operating properly; (3) whether the fire was primarily the result of excessive grease in and about the two burner range; and (4) whether the fire suppression system failed because the fire damaged the system's control box and the cartridge holding the chemical fire retardant.

Defendant filed a Motion for Summary Judgment (Dkt. No. 42), Plaintiff filed a response in opposition (Dkt. No. 50), and Defendant replied (Dkt. No. 54). The matter is now ripe for review.

## II.     Legal Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Id*. Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the non-moving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, must demonstrate that specific,

material facts exist that give rise to a genuine issue. *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence' " in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (*quoting Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)). Moreover, the non-movant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

### III. Discussion

For the reasons outlined below, Defendant's motion for summary judgment is denied.

#### A. Negligence

Plaintiff alleges that Defendant negligently maintained the fire suppression system. (Dkt. No. 1 at 3-4). A negligence claim consists of three elements: "(1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach." *Crolley v. Hutchins*, 387 S.E.2d 716, 717 (S.C. Ct. App. 1989). In South Carolina, negligence has been defined as "the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation." *Springs on behalf of C.S. v. Waffle House, Inc.*, 2021 WL 638816, at *6 (D.S.C. Feb. 18, 2021) (citing *Jones v. American Fidelity & Cas. Co.*, 210 S.C. 470, 478 (1947)). The elements of the negligence claim being contested are whether Defendant breached its duty of care and what the resulting damages are.

The parties dispute essentially every material issue other than how the fire started. Under Plaintiff's view of the evidence, Defendant erroneously placed a critical piece of the fire suppression system, the fusible links, which caused the fire suppression system to malfunction.

3

Plaintiff argues that but for this alleged error by Defendant, the fire would have been effectively mitigated by the fire suppression system. Defendant argues, to the contrary, that the fire was fueled by excessive grease in and about the two burner range and that the fire that resulted was outside the scope of the fire suppression system. Defendant further argues that the failure of the fire suppression system to release the chemical retardant was due to the fact that the grease fueled fire was so intense that it damaged the cannister holding the chemical retardant and the control box of the fire suppression system.

By separate order, the Court denied motions from both parties to exclude the opposing party's expert witnesses, finding that all of the parties' experts met Federal Rule of Evidence 702's requirements. The parties have fundamentally different views on numerous material issues in this case, making summary judgment inappropriate. Consequently, the Court denies Defendant's motion for summary judgment.

### B. Breach of Contract

"The elements for a breach of contract are the existence of the contract, its breach, and the damages caused by such breach." *S. Glass & Plastics Co. v. Kemper*, 399 S.C. 483, 491 (Ct. App. 2012). It is undisputed that the parties entered into a contract. (Dkt. No. 42 at 25). As set forth above, the parties dispute whether Defendant breached its contract to properly maintain the fire suppression system and whether any alleged breach proximately caused injury to the Plaintiff's insured. Under these circumstances, summary judgment on the breach of contract claim is not appropriate.

### IV. Conclusion

In light of the foregoing, Defendant's motion for summary judgment is **DENIED**. (Dkt. No. 42).

**AND IT IS SO ORDERED.**

                                                      s/ Richard Mark Gergel
                                                    Richard Mark Gergel
                                                    United States District Judge

September 2, 2025
Charleston, South Carolina