IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Axis Surplus Insurance Company, as subrogee of Hospitality Management Group, Inc., | Case No. 2:24-cv-2173-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Pye-Barker Fire & Safety, LLC, | |
| Defendant. | |

Defendant asserts in its summary judgment brief that Plaintiff's negligence claim is barred by the economic loss rule. (Dkt. No. 42). Plaintiff opposes Defendant's economic loss argument, arguing that Defendant had a duty to Hospitality Management Group, Inc. ("HMGI") to exercise due care in the maintenance of Magnolias Restaurant's fire suppression system that went beyond the terms of the contract between Defendant and HGMI. (Dkt. No. 50). After the briefing schedule on Defendant's motion for summary judgment had expired, Defendant moved for authorization to file supplemental briefing regarding a recent decision of the South Carolina Supreme Court on the economic loss rule, *Caroll v. Isle of Palms Pest Control, Inc*., 918 S.E.2d 532 (S.C. 2025). The Court granted the motion to provide supplemental briefing on the *Carroll* case, and both parties filed supplemental briefs. (Dkt. Nos. 64, 68). Since the supplemental briefing was still outstanding when the Court addressed the other pending motions of the parties, the Court delayed until now addressing Defendant's argument that the economic loss rule barred Plaintiff's negligence claim in this action. The supplemental briefing has now been completed, and the issue is ripe for disposition.

1

**I.  Background**

This action arises out of a fire at Magnolias Restaurant in Charleston, South Carolina on August 7, 2021. Plaintiff, the insurance carrier for Hospitality Management Group, Inc., which owns the restaurant, reimbursed its insured over $3.9 million in losses from the fire and was subrogated to the rights of its insured against any at fault third parties. Plaintiff filed suit against Defendant, asserting claims of breach of contract and negligence related to Defendant's duties to inspect, test, and maintain the restaurant's fire suppression system, which Plaintiff alleges failed to properly operate.

The Magnolias Restaurant fire occurred in the early morning hours of August 7, 2021. There were no eyewitnesses. The parties agree that the fire began when a restaurant employee left a plastic dish rack on a two burner range in the prep kitchen, which subsequently melted from the heat of the two burner range's pilot light. Beyond those facts, the parties and their experts vigorously dispute a number of material facts. For that reason, the Court earlier issued an order denying Defendant's motion for summary judgment, with the exception of the economic loss rule issue. (Dkt. No. 67).

Defendant argues that under the economic loss rule a party to a contract cannot assert a negligence claim because "a breach of duty under the contract must be redressed under the terms of the contract, and the breach of that duty will not support a negligence action." (Dkt. No. 42 at 19). Defendant, while recognizing that the South Carolina Supreme Court in *Carroll* held that the economic loss rule only applies in the product liability context, nonetheless contends that any "negligent provision of contractual duties must be brought as a contract claim rather than a negligence claim." (Dkt. No. 64 at 2).

## II.  Legal Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Id*.  Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props*., 810 F.2d 1282, 1286 (4th Cir. 1987).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the non-moving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996).  The movant bears the initial burden of demonstrating that there is no genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, must demonstrate that specific, material facts exist that give rise to a genuine issue.  *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence' " in support of the non-moving party's case.  *Thompson v. Potomac Elec. Power Co*., 312 F.3d 645, 649 (4th Cir. 2002) (*quoting Phillips v. CSX Transp., Inc*., 190 F.3d 285, 287 (4th Cir. 1999)). Moreover, the non-movant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp*., 12 F.3d 1310, 1316 (4th Cir. 1993).

**III.     Discussion**

The South Carolina Supreme Court in *Carroll* recognized that there was much confusion, within South Carolina case law and around the nation, concerning the parameters of the economic loss rule.  The *Carroll* Court stated that "[t]oday, we clarify a few things about the economic loss rule.  First, we hold that the rule applies only in the product liability context and when the only injury is to the product itself." 918 S.E.2d at 537.  The South Carolina Supreme Court went on to state that "the economic loss rule does not apply in the context of the sale or construction of a residential home or to the rendering of services by professionals, such as accountants, lawyers, engineers, and architects." *Id*.  After clarifying the limited scope of the economic loss rule, the *Carroll* Court reversed the grant of summary judgment regarding a negligence claim granted to a termite prevention company which had a contract with a homeowner for termite protection services and was sued under both breach of contract and negligence theories.

Plaintiff's contract with Defendant was a service contract, therefore Plaintiff's claims do not arise in a product liability context. That fact alone removes Plaintiff's negligence claim from the application of the economic loss rule.  Indeed, HGMI's contract with Defendant is analogous to the termite prevention contract of the parties in *Carroll*.  Further, Plaintiff's claim involves physical damage to the restaurant and the financial losses associated with the restaurant's closure due to fire damage, plainly constituting "other damages." *Id.*  ("Where, however, the defective product causes personal injury or damage to *other property*, the plaintiff may also look to the law of torts.") (emphasis added).  Consequently, Defendant's motion for summary judgment based on the economic loss rule (Dkt. No. 42, 64) is denied.

## IV. Conclusion

In light of the foregoing, Defendant's motion for summary judgment on the basis of the economic loss rule is **DENIED**. (Dkt. No. 42, 64).

**AND IT IS SO ORDERED.**

                                                  s/ Richard Mark Gergel
                                                  Richard Mark Gergel
                                                  United States District Judge

September 8, 2025
Charleston, South Carolina